1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PRICE LAW GROUP, APC
Stuart M. Price (SBN 150439)
15760 Ventura Boulevard, Suite 800
Encino, California 91436
Telephone: 818.907.2030
Facsimile: 818.205.3730
Stuart@pricelawgroup.com

Attorney for Plaintiff
JESSICA M. LOPEZ

## DISTRICT COURT OF CALIFORNIA

## IN THE CENTRAL DISTRICT

| | |
|---|---|
| JESSICA M. LOPEZ<br><br>                    Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC,  a corporation; and DOES 1 to 10, inclusive,<br><br>                    Defendant(s). | Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>(Unlawful Debt Collection Practices)<br><br>Demand Exceeds $10,000 |

## COMPLAINT FOR DAMAGES

### I.     INTRODUCTION

1.     Jessica M. Lopez ("Plaintiff") brings this action against OCWEN Loan Servicing, LLC. ("Defendant") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment.  Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC"), as well as the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, which prohibit creditors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## II.     JURISDICTION

2.     Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

3.     Venue and personal jurisdiction in this District are proper because Plaintiff resides in this District, Defendant's collection communications were received by Plaintiff within this District and Defendant does or transacts business within this District.

## III.     PARTIES

4.     Plaintiff is a natural person residing in Anaheim, Orange County, California 92801.

5.     Plaintiff is a natural person from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing from such person. Thus, Plaintiff is a "debtor" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(h).

6.     Defendant OCWEN is located at 1661 Worthington Rd., Suite 100, West Palm Beach, Florida 33409.

7.     Upon information and belief, the telephone numbers (800) 746-2936 and (866) 317-6513 all belong to Defendants.

8.     In the ordinary course of business, regularly, on behalf of itself or others, Defendant engages in debt collection.  Thus, Defendant is a "debt collector" as defined by the RFDCPA, CAL. CIV. CODE § 1788.2(c) and by the FDCPA, 15 U.S.C. § 1692a(6).  Defendant regularly engages in the collection of debt by telephone in several states including, California.

9.     Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10.     When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

11.     The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

12.     Within the last year, Defendant attempted to collect on consumer debt(s) from Plaintiff.

13.     The debt(s) that Defendant is attempting to collect on is an alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

14.     Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15.     During the course of its attempts to collect debts, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

17.     The true names and capacities, whether individual, corporate, or in any other form, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff, who therefore sues them by such fictitious names.  Plaintiff will seek leave to amend this Complaint to show the true names and capacities of DOES 1 through 10 should they be discovered.

## IV.     FACTUAL ALLEGATIONS

18.     Defendants are attempting to collect alleged consumer debts from Plaintiff.

19.     Plaintiff's alleged debts are money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction, which qualifies as "consumer debt," as defined by RFDCPA, CAL. CIV. CODE § 1788.2(f), as well as the FDCPA 15 U.S.C. 1692a.

COMPLAINT FOR DAMAGES

20.     Defendant OCWEN is listed as the creditor on all written communication regarding the account allegedly held by Plaintiff.

21.     On February 11, 2009, a mortgage note was executed in the amount of $160,968.00 between USAA Federal Savings Bank, Alfonso Molinar, and Joseph Brent Kidd as Attorney in Fact for Jessica Lopez Molinar.

22.     Plaintiff did not sign the note by her own hand, and upon information and belief, did not provide her cellular telephone number to USAA Federal Savings Bank at any time during or after that transaction.

23.     Sometime after February 11, 2009, USAA Federal Savings Bank caused the note and mortgage to be transferred to OCWEN Servicing.

24.     Plaintiff and Alfonso Molinar separated on October 20, 2009, and their divorce was finalized on May 30, 2013.  As part of the divorce agreement, Alfonso retained 100% ownership of the collateral secured by the mortgage, and continued to pay the mortgage himself.

25.     Plaintiff did not give her contact information, cellular telephone number, or any permission to be contacted by OCWEN at any time.

26.     Between the dates of April 2013 and December 22, 2015, Defendant caused Plaintiff's cellular telephone number (714) 365-8315 to ring repeatedly or continuously with the intent to annoy, abuse, or harass any person at the called number.

27.     On March 30, 2015, Plaintiff sent a Cease and Desist letter to OCWEN, challenging the validity of the debt, and asking OCWEN to cease reporting this debt on her credit report and also to cease contacting her by telephone. OCWEN confirmed receipt of that letter.

28.     On May 26, 2015, Plaintiff, through an attorney, sent another Cease and Desist letter to OCWEN, contesting the validity of the debt, and demanding that OCWEN cease destroying Plaintiff's credit by robotically reporting negative information to the credit bureaus. OCWEN confirmed receipt of that letter.

29.     On August 24, 2015 at 7:12pm, Defendant called Plaintiff at her cellular telephone number from (800) 746-2936.  Plaintiff answered the call and unequivocally revoked consent to be contacted on her cellular phone.

30.     On September 2, 2015 at 11:18am, Defendant called Plaintiff at her cellular telephone number from (800) 746-2936.  Plaintiff again answered the call and unequivocally revoked consent to be contacted on her cellular phone.

31.     Plaintiff further revoked consent to be contacted at her cellular telephone on September 9, 2015 at 7:56pm; September 14, 2015 at 7:31pm; and September 16, 2015 at 7:06pm.

32.     When Plaintiff answered the phone, she heard a pause before the agent began to speak, indicating use of an automatic telephone dialing system.

33.     The telephone number (800) 746-2936 belongs to OCWEN and the calls were made in an attempt to collect on an OCWEN loan, the validity of the debt having been contested by Plaintiff.

34.     Beginning on or about June 1, 2013, Plaintiff has received approximately eight-hundred sixteen (816) phone calls from OCWEN to her cellular telephone number.

35.     Plaintiff has no recollection of ever signing a loan document with OCWEN, nor does she recall ever providing OCWEN with her contact information or consent to be contacted on her cellular telephone regarding this debt.

36.     Upon information and belief, the telephone number (800) 746-2936 and (866) 317-6513 belong to OCWEN.

37.     The purpose of the repeated phone calls was an attempt to collect an alleged debt.

38.     Defendant is familiar with the TCPA, FDCPA and RFDCPA.

39.     Defendant's conduct as described above was intended to harass, coerce, and intimidate Plaintiff into payment of the alleged debt, or to increase the amount Plaintiff was willing to pay.

40.    Defendant's conduct as described in detail above amounted to an unfair or unconscionable means to collect or attempt to collect the alleged debt.

41.    The approximately eight-hundred sixteen (816) phone calls placed from Defendant to Plaintiff's cellular phone caused Plaintiff extreme emotional distress and aggravation.

**V.    CAUSE OF ACTION**

**COUNT I**

**(Violations of the TCPA, 47 U.S.C. § 227)**

42.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43.    Defendant violated the TCPA.  Defendant's violations include, but are not limited to the following:

(a)    Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

(b)    Within four years prior to the filing of this action, on multiple occasions Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowingly and/or willfully violated the TCPA.

44.    As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).  If the Court finds that Defendant knowingly and/or

willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### DEFENDNAT VIOLATED THE ROSENTHAL
### FAIR DEBT COLLECTION PRACTES ACT, CAL. CIV. CODE § 1788)

45.    Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

46.    Defendant violated the RFDCPA.  Defendant's violations include, but are not limited to, the following:

(a)    Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

(i)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

(ii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692e by using false, deceptive, or misleading representation or means in connection with the collection of the alleged debt; and

(iii)    Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt.

47.    Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

COMPLAINT FOR DAMAGES

48.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the RFDCPA, actual damages, statutory damages, and attorney's fees and costs.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jessica Lopez respectfully requests that judgment be entered against Defendant for the following:

(a)     Actual damages pursuant to CAL. CIV. CODE § 1788.30(a); and

(b)     Statutory damages of $1,000.00 pursuant to CAL. CIV. CODE § 1788.30(b); and

(c)     Costs and reasonable attorney's fees pursuant to CAL. CIV. CODE § 1788.30(c); and

(d)     Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C); and

(e)     Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

(f)     For such other and further relief as the Court may deem just and proper.

## VII.     DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands a trial by jury in this action.

RESPECTFULLY SUBMITTED,

Dated: January 29, 2016                    PRICE LAW GROUP, APC


By: */s/ Stuart M. Price*_____

Stuart M. Price (SBN 150439)
**Attorney for Plaintiff**
**Jessica Lopez**